UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE WOOD,                         )
                                      )
            Plaintiff                 )
                                      )
                                      )
         v.                           ) Civil Action No. 13-30151-KPN
                                      )
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social         )
Security Administration,              )
                                      )
            Defendant                 )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 21 and 28)
October 14, 2014

NEIMAN, U.S.M.J.

Suzanne Wood ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of a partially favorable decision by the Commissioner of the Social Security Administration ("Commissioner") denying her Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits from November 13, 2008, through October 25, 2012, and finding her to be eligible for disability benefits thereafter. Plaintiff asserts that the portion of this determination that denied her benefits, memorialized in a May 1, 2013 decision of an administrative law judge, was not based on substantial evidence and contained errors of law. She has filed a motion for judgment on the pleadings and the Commissioner, in turn, has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C.§ 636(c); Fed.R.Civ.P. 73. For the reasons which follow, the court will deny the Commissioner's motion and grant Plaintiff's motion to the extent it can fairly be read to include a request for a remand. The court will also direct, for reasons which will become evident, that the remanded hearing be held before a different administrative law judge.

## I. BACKGROUND

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five-step sequential analysis. Nonetheless, the court finds it necessary to note certain particularly relevant facts and the procedural history pertinent to its analysis.

Plaintiff applied for SSI and SSDI benefits alleging an amended onset date of disability of November 13, 2008. Her applications were denied, prompting her to request an administrative hearing. Following the hearing held on September 16, 2010, the administrative law judge ("ALJ") issued a wholly unfavorable decision on November 19, 2010. (Administrative Record ("A.R.") at 4-19.) That decision became final on March 1, 2011, when the Decision Review Board ("DRB") failed to review it within the allotted 90-day period. (A.R. 1-3.)

Plaintiff filed a complaint in this forum on April 19, 2011, seeking a remand of the ALJ's decision denying her benefits. The Commissioner chose not to defend the action, and, on February 7, 2012, the Appeals Council vacated the ALJ's decision and remanded the matter for a further hearing. (A.R. at 669-71.) The remand order directed the ALJ to (1) obtain any available additional evidence related to Plaintiff's impairments during the period at issue in order to complete the administrative record, (2) give further

2

consideration to Plaintiff's maximum residual functional capacity ("RFC") and provide a rationale with specific references to evidence of record in support of the assessed limitations, (3) evaluate the treating source opinions and explain the weight given to such evidence, and (4) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base, if warranted by the expanded record. (A.R. at 670.) The Appeals Council also questioned the ALJ's failure to acknowledge and weigh a change in Dr. Patrick Connolly's opinion or to adequately analyze the opinion of Carleen McQuaid, a nurse. (A.R. at 669-70.)[1]

Following the second hearing, on February 28, 2013, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning on October 25, 2012, the date of her 50th birthday, but not disabled from November 13, 2008, through October 24, 2012. (A.R. at 630.) In support of the denial, the ALJ accorded greater weight to the 2009 medical assessments of the Disability Determination Service ("DDS") than to opinion evidence from the following three years because he found those earlier assessments to be objective, rather than "premised substantially on the self-reported limitations of the claimant." (A.R. at 628.)

## II. DISCUSSION

Plaintiff advances two main arguments as to why the ALJ erred. First, Plaintiff asserts that the ALJ assigned improper weight to DDS assessments, as they were themselves incomplete and not reflective of the entire record. Second, Plaintiff asserts

---

[1]Prior to the remanded hearing, a senior SSA attorney offered Plaintiff a favorable decision with an onset disability date of April 25, 2012, the date on which Plaintiff would be 49½ . (A.R. at 630, 732.) Plaintiff refused the offer and chose to proceed with the hearing.

that the ALJ provided an insufficient rationale for discounting the functional assessments of two of her medical providers. The Commissioner, in response, argues that substantial evidence supports the ALJ's findings.

*A. Sufficiency of Review of the Medical Records*

The Commissioner argues that the ALJ properly relied on the DDS analyses from 2009 because they are "unbiased assessments of the medical evidence as a whole." (A.R. at 628.) Plaintiff, for her part, contends that the ALJ should not have relied on those assessments because they predated significant developments in the record. Plaintiff has the better argument.

The First Circuit has directed that an administrative law judge "may rely on older evidence when the information in that evidence remains accurate." *Abubakar v. Astrue*, 2012 WL 957623, at *12 (D. Mass. 2012); *see also Ferland v. Astrue*, 2011 WL 5199989, at *4 (D. N.H. 2011) ("an ALJ may rely on such an opinion where the medical evidence postdating the reviewer's assessment does not establish any greater limitations . . . or where the medical reports of claimant's treating providers are arguably consistent with . . . the reviewer's assessment"). To be sure, "the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the administrative law judge]," *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981), but medical evidence found to be "too far removed from the relevant time period may not be utilized to serve as substantial evidence if there is an indication in the more recent records that there has been a significant change in the claimant's condition." *Abubakar*, 2012 WL 957623 at *12; *see Soto-Cedeno v. Astrue*, 380 Fed. Appx. 1, 3 (1st Cir. 2010) (consulting psychiatrist opinion from 2003 did not undermine

4

treating psychiatrist's reports from 2004 and 2005 which noted that the claimant "sustained deterioration" postdating the consulting psychiatrist's report). Ultimately, an administrative law judge's decision to prefer an older opinion of a reviewing physician to that of a more-recent opinion must be supported by substantial evidence. *Cooper v. Astrue*, 2011 WL1163127, at *6 (D. Mass. 2011). Substantial evidence is that which a reasonable mind finds adequate to support a conclusion. *Rodriguez*, 647 F.2d at 222.

Here, there is inadequate evidence to support the ALJ's conclusion that Plaintiff maintained a stable condition throughout the relevant time period. Plaintiff originally injured her tail bone in a slip and fall in December of 2005. (A.R. at 38.) Since then, she has been treating with Dr. Paul Harrington and Nurse McQuaid. In March 2007, Dr. Harrington referred Plaintiff to Dr. Gerald McGillicuddy, a board-certified neurosurgeon, for her first back surgery, a lumbar diskectomy. (A.R. at 270-83.) While that surgery alleviated her pain temporarily, she opted for a second surgery in November 2008, a spinal fusion procedure performed by Dr. Connolly. Following this second surgery, she slowly gained strength while using a rolling walker; still, as mentioned, she claims an onset date of disability shortly after the surgery itself.

It was in February of 2009 that a DDS examiner first reviewed Plaintiff's RFC. (A.R. at 535-42.) Dr. Elaine Hom opined that Plaintiff could perform sedentary work while being limited to standing and/or walking (with normal breaks) for a total of at least 2 hours in an 8-hour workday. (A.R. at 537.) Notably, in March of 2009, Dr. Connolly himself described Plaintiff's condition as "temporarily totally disabled" but thought she was still capable of working part-time in a sedentary position. (A.R. at 543.) In May 2009, Dr. S. Ram Upadhyay, the second DDS examiner, concluded after examining

5

Plaintiff's medical record that she had a RFC to frequently lift 10 pounds and stand and/or walk for a total of two hours in an 8-hour workday. (A.R. at 569.) Significantly, this marks the last time DDS examined Plaintiff's medical records.

Plaintiff's condition failed to improve and she had a third surgery in February of 2010, performed by Dr. Connolly. (A.R. at 584-92.) Unfortunately, it provided little relief and in December of that year, during a follow-up examination, Dr. Connolly classified Plaintiff's condition as "the end point." He wrote that Plaintiff "could not stand," and that her condition had worsened to "total permanent disability." (A.R. at 845.) On July 2, 2012, Dr. Harrington noted that Plaintiff could not bend forward at the waist. (A.R. at 895.) Plaintiff's pain persisted necessitating a fourth surgery, performed by another board-certified orthopedic surgeon, Dr. Louis Jenis, in February of 2013, just prior to the second administrative hearing. (A.R. at 944-48.)

Given what appears to this court to be an obvious decline in Plaintiff's health in the relevant time period, the ALJ had insubstantial grounds upon which to conclude, as apparently he did, that her condition did not deteriorate between May of 2009, when she was last assessed by DDS, and October 25, 2012, when she turned 50.

*B. Weight Given to Treating Physicians' Assessments*

Plaintiff also asserts that the ALJ improperly discounted Nurse McQuaid's and Dr. Harrington's functional assessments. The court agrees and further finds that the ALJ failed to provide sufficient grounds for accepting Dr. Connolly's earlier opinion but ignoring his later opinion as "specious at best." (A.R. at 627.) That, in the court's view, was error. Indeed, the Appeals Council, when remanding the matter for a new hearing, described Dr. Connolly's later opinion as "new and material evidence." (A.R. at 670.)

6

An administrative law judge is free to give little weight to a treating source opinion as long as that decision is "supported by the evidence in the case record, and . . . sufficiently specific to make clear to any subsequent reviewers" the reasons for assigning such weight. Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (July 2, 1996). Here, Dr. Connolly was one of Plaintiff's treating sources, see 20 C.F.R. § 220.46(d), and, accordingly, consideration of his opinion was vital because it "reflect[s] [a] judgment about the nature and severity of [Plaintiff's] impairment(s), including symptoms, diagnosis and prognosis, what [Plaintiff] can still do despite the impairment(s), and physical and mental restrictions." SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006); see also 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2). The ALJ, however, discounted Dr. Connolly's opinion because "he is not a vocational expert." (A.R. at 627.) The entirety of the ALJ's analysis was as follows:

> I find Dr. Connolly's advisement to engage in general fitness shows the claimant was not incapacitated from all activity and would be consistent with a sedentary residual functional capacity. Also, while opining the claimant would likely not be able to get back to the workforce, Dr. Connolly failed to identify specific functional limitations. As he is not a vocational expert, his opinion as to that[] which may be accommodated in the work-place[] is specious at best.

(A.R. at 627.)

Granted, issues regarding the nature and severity of a claimant's impairments, RFC, or the application of vocational factors, even if contained in medical source opinions, are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Thus, an administrative law judge need not follow a medical source's vocational conclusion. That power, however, does not give an administrative law judge license to ignore the opinion *in toto. Alberts v. Astrue*, 2013 WL 1331110, at *9 (D.

7

Mass. 2013) (citing SSR 96-5p, 1996 WL 374183, at *2-*3 (July 2, 1996)) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored," however, such opinions "are never entitled to controlling weight or special significance."). Thus, while the ALJ was not bound to give Dr. Connolly's opinion controlling weight, he still needed to consider that opinion in light of the record evidence to determine what weight, if any, it should be accorded. The ALJ's conclusion that Dr. Connolly's opinion was "specious at best," without further consideration of the doctor's treatment notes as required by that Appeals Council, fell short of this obligation. While an administrative law judge can properly assign little or no weight to a treating source, the opinion cannot be dismissed without further explanation. *See* SSR 96-2p, 1996 WL 374188, at *4; *see also* C.F.R. §§ 404. 1527(c)(2) and 416.927(c)(2).

As for Dr. Harrington's opinion, the ALJ's decision to accord his functional assessment little weight finds scant support in the record. More specifically, the ALJ's conclusion that the opinion "was conclusory and inconsistent with the other evidence" and "amounted to little more than a checklist, was 'cursory,' and contained 'scant analysis'," does not hold up to scrutiny.

First, the ALJ's finding of inconsistency is not supported by the record. For example, the ALJ found "inconsistencies" between Dr. Harrington's July 2, 2012 subjective assessment -- that, for example, she would need to be absent more than three times a month -- and the objective findings that she "was unable to bend forward at the waist." (A.R. at 626). It is beyond dispute, however, that an inability to bend forward at the waist brings with it significant limitations. *See Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 525 (1st Cir.1989) ("any limitation on the ability to bend

8

from the waist must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work".). The ALJ conveniently overlooked these limitations, choosing instead to focus on Plaintiff's otherwise "normal" gait, sensation, and strength to undermine Dr. Harrington's assessment. This was error.

Moreover, Dr. Harrington's opinion appears to be not only internally consistent but consistent as well with other treating sources' opinions. For example, Nurse McQuaid opined on August 8, 2009, that Plaintiff's impairments or treatment would cause her to be absent from work "more than three times a month." (A.R. at 583.) And on December 13, 2010, Dr. Connolly concluded that Plaintiff had declined so much that she had reached "the end point." (A.R. at 845.) As for the ALJ's rejection of both Dr. Harrington's and Nurse McQuaid's assessments -- because they were "rendered in a form provided by the claimant's representative and essentially amounted to a checklist with scant analysis" (A.R. at 626) -- this court has previously concluded that a decision based solely on such grounds is suspect. *Rodriguez v. Astrue*, 694 F.Supp.2d 36, 44 (D. Mass. 2010); *see also Brooks v. Barnhart*, 339 F.Supp.2d 183, 189 (D. Mass. 2004) ("[I]t is not proper to reject the opinion of a treating physician simply because it was solicited by a claimant's attorney.") (citing *Arroyo v. Barnhart*, 295 F.Supp.2d 214, 220-21 (D. Mass. 2003); *Gonzalez Perez v. Sec'y of Health & Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987)).

## III. CONCLUSION

For the reasons stated, the court DENIES the Commissioner's motion to affirm and ALLOWS Plaintiff's motion to the extent it can fairly be read to request a remand.

The hearing, on remand, shall be heard by a different administrative law judge.

IT IS SO ORDERED.

October 14, 2014

                                                 <u>/s/ Kenneth P. Neiman</u>
                                                 KENNETH P. NEIMAN
                                                 U.S. Magistrate Judge